UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AUGUSTIN MUGABO,

                Plaintiff,

                                                          **DECISION AND ORDER**
      v.                                                        20-CV-01354

COMPASS GROUP,

                Defendant.
_____

      This employment discrimination case filed by *pro se* Plaintiff Augustin Mugabo was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings. Plaintiff alleges in his Complaint (Dkt. No. 1) discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*., and the New York State Human Rights Law, N.Y. Executive Law §§290, *et seq*. ("NYSHRL"), against his former employer, Defendant Compass Group.[1]

      Plaintiff filed a motion for *in forma pauperis* ("IFP") status (Dkt. No. 2), and Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (Dkt. No. 7). On December 28, 2021, Magistrate Judge McCarthy filed a Report and Recommendation ("R&R") (Dkt. No. 15) recommending that Plaintiff's IFP motion be granted, and that Defendant's motion to dismiss be

---

[1] According to Defendant, it was incorrectly sued as "Compass Group," as its correct name is "Compass Group USA, Inc." Dkt. No. 7-1, p. 5; Dkt. No. 8.

granted but with leave to replead.

On January 13, 2022, Plaintiff filed objections to the R&R (Dkt. No. 16). Defendant responded (Dkt. No. 18), and Plaintiff replied (Dkt. No. 19). The matter was deemed submitted on the papers.

Local Civil Rule 72(b) provides that written objections to an R&R "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." Plaintiff's objections (Dkt. No. 16) do not adhere to the Local Rule.

To the extent that a party makes a timely and specific objection to a Magistrate Judge's R&R, the standard of review is *de novo*. 28 U.S.C. § 636(b)(1). However, "it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Gusky v. Astrue*, 954 F. Supp. 2d 180, 184 (W.D.N.Y. 2013).

Plaintiff's objections substantively repeat the same arguments that he previously made before Magistrate Judge McCarthy, and they are also conclusory.

Having reviewed Magistrate Judge McCarthy's well-reasoned R&R, the Court finds no error, let alone clear error.[2] Thus, the Court fully adopts the reasoning and conclusion of the R&R, and it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in the R&R (Dkt. 15) and this Decision and Order, Plaintiff's IFP motion (Dkt. No. 2) is GRANTED, *nunc pro tunc*, and it is hereby

---

[2] Even if Plaintiff's objections to the R&R's findings were enough to trigger *de novo* review, the result would be the same.

**ORDERED** that Defendant's dismissal motion (Dkt. No. 7) is GRANTED in its entirety and Plaintiff's Complaint (Dkt. No. 1) is dismissed, and it is further

**ORDERED** that Plaintiff is granted leave to amend his Complaint to remedy the deficiencies identified in the R&R no later than thirty (30) days following the date of this Decision and Order; and it is further

**ORDERED** that any consideration by the Court of whether the facts set forth in its Rule 56(f)(3) notice (Dkt. No. 10) are to be deemed admitted is deferred, unless and until Plaintiff asserts remedies the deficiencies in his pleadings; and it is further

**ORDERED** that this case is recommitted to Magistrate Judge McCarthy for further proceedings.

**IT IS SO ORDERED.**

                _s/Richard J. Arcara_
                HONORABLE RICHARD J. ARCARA
                UNITED STATES DISTRICT COURT

Dated:   March 15, 2022